**FILED**
**FEBRUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COMPETITIVE EDGE, INC., AND DAVID M. GREENSPON,<br><br>Plaintiffs,<br><br>- vs. -<br><br>STAPLES, INC., AND STAPLES THE OFFICE SUPERSTORE EAST, INC.,<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Civil Action No.: **08 C 956**<br><br>**JUDGE KENDALL**<br>**MAGISTRATE JUDGE MASON** |

Plaintiffs Competitive Edge, Inc. ("Competitive Edge") and David M. Greenspon ("Greenspon"), by their attorneys and for their Complaint against defendants Staples, Inc., and Staples The Office Superstore East, Inc. (collectively, "Staples"), state as follows:

**Parties**

1. Plaintiff Competitive Edge is an Indiana Corporation with its principal place of business in Des Moines, Iowa.

2. Plaintiff Greenspon resides in Clive, Iowa, and is the president and owner of Competitive Edge.

3. Upon information and belief, defendant Staples, Inc., is a Delaware corporation, which maintains its corporate headquarters and principal place of business in Framingham, Massachusetts. Upon information and belief, defendant Staples The Office Superstore East, Inc., is also a Delaware corporation, which maintains its corporate headquarters and principal place of business in Framingham, Massachusetts.

**Jurisdiction and Venue**

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for trade dress infringement arising under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Staples because Staples transacts business in this district and/or has committed acts of patent and trade dress infringement in this district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

**Factual Allegations**

7. Greenspon is the owner of U.S. Design Patent No. D530,734 ("the '734 patent"), titled "Calculator," a copy of which is attached as Exhibit A.

8. Competitive Edge sells a calculator that embodies the design protected by the '734 patent. This calculator is designated with product number CE-676 and is called "The 'Original' Silicone Bubble Calculator" ("Bubble Calculator").

9. Competitive Edge's Bubble Calculator has a distinctive look and feel stemming from, among other things, its bright colors, cushiony keys, and H-shaped keypad layout. This distinctive look and feel constitute Competitive Edge's unique trade dress for its Bubble Calculator, which has secondary meaning among consumers.

10. Upon information and belief, Staples sells office supplies, including calculators, through its store locations.

11. Staples' calculators, including without limitation its "Pillowtop" calculator, infringe the '734 patent and infringe Competitive Edge's trade dress for its Bubble Calculator.

**Count I — Patent Infringement**

12. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1 through 11 herein.

2

13. Staples has infringed the '734 patent by making, importing, selling and/or offering to sell calculators falling within the scope of the claim of the '734 patent.

14. Upon information and belief, Staples received actual notice of the '734 patent on or about October 24, 2006.

15. Staples' infringement of the '734 patent has been and continues to be deliberate and willful.

16. As a direct and proximate result of Staples' infringement of the '734 patent, Plaintiffs have been damaged and Staples has profited and been advantaged by its infringing acts.

### Count II — Trade Dress Infringement

17. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1 through 11 herein.

18. Competitive Edge's Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things, constitute non-functional, protectible trade dress.

19. Staples has infringed and continues to infringe on Competitive Edge's trade dress rights through its imitation in interstate commerce of Competitive Edge's trade dress for its Bubble Calculator.

20. Upon information and belief, Staples' mimicry of Competitive Edge's trade dress for its Bubble Calculator is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Staples' calculators with Competitive Edge's Bubble Calculator. Indeed, upon information and belief, Staples' mimicry has already caused actual confusion.

21. Staples' infringement is willful.

22. As a result of Staples' wrongful conduct, Competitive Edge has been damaged and will continue to be damaged in an amount to be determined at trial. Competitive

Edge has suffered and continues to suffer immediate and irreparable injury for which it has no adequate remedy at law.

## Prayer for Relief

WHEREFORE, Competitive Edge prays for the following judgment and relief:

  A. For an Order adjudging the '734 patent valid and enforceable;

  B. For an Order adjudging Staples to have infringed one or more claims of the '734 patent under 35 U.S.C. § 271;

  C. For a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Staples, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from directly and/or indirectly infringing the '734 patent;

  D. For an accounting of all gains, profits and advantages derived by the infringement of the '734 patent by Staples, and recovery of the compensatory damages of Plaintiffs pursuant to 35 U.S.C. § 284;

  E. For an Order adjudging Staples to have willfully and deliberately infringed the '734 patent;

  F. For increased damages of treble the amount of actual damages pursuant to 35 U.S.C. § 284 for the willful and deliberate infringement of the '734 patent;

  G. For an assessment of pre-judgment and post-judgment interests and costs against Staples, together with an award of such interests and costs, pursuant to 35 U.S.C. § 284;

  H. For an Order adjudging this an exceptional case pursuant to 35 U.S.C. § 285;

  I. For an award to Plaintiffs of the attorneys' fees incurred by them in connection with this action pursuant to 35 U.S.C. § 285;

  J. For an Order adjudging Staples to have infringed Plaintiffs' rights in the trade dress for its Bubble Calculator pursuant to 15 U.S.C. § 1125(a);

  K. For a permanent injunction enjoining Staples, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from

using or selling a calculator design imitating or similar to Competitive Edge's trade dress for its Bubble Calculator, or from doing any other act or thing likely to induce the mistaken belief that Staples' goods are in any way affiliated, connected, or associated with Competitive Edge or its goods, or from doing any other act or thing likely to cause confusion with respect to Competitive Edge's trade dress;

   L. For an award of monetary relief for infringement of Competitive Edge's trade dress in an amount to be determined at trial;

   M. For an Order adjudging this an exceptional case under 15 U.S.C. § 1117;

   N. For an award of treble damages and all reasonable attorneys' fees, costs, and disbursements incurred by Competitive Edge as a result of this action pursuant to 15 U.S.C. § 1117;

   O. For such other and further relief as this Court may deem just and proper.

### Demand for Jury Trial

Plaintiffs Competitive Edge and David M. Greenspon respectfully request a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of any and all issues triable of right by a jury.

Respectfully Submitted,

SIDLEY AUSTIN LLP


By: /s/ Thomas Hankinson

    Thomas D. Rein
    Marc A. Cavan
    Thomas Hankinson
    SIDLEY AUSTIN LLP
    10 South Dearborn Street
    Chicago, Illinois 60603
    (312) 853-7000 (phone)
    (312) 853-7036 (fax)

Attorneys for Competitive Edge, Inc. and David M. Greenspon

Dated: February 14, 2008

# EXHIBIT A

# (12) United States Design Patent
## Greenspon

(10) Patent No.: **US D530,734 S**
(45) Date of Patent: ∗∗ **Oct. 24, 2006**

(54) **CALCULATOR**

(76) Inventor: **David M. Greenspon**, 13175 Woodlands Pkwy., Clive, IA (US) 50325

(∗∗) Term: **14 Years**

(21) Appl. No.: **29/211,932**

(22) Filed: **Aug. 24, 2004**

(51) **LOC (8) Cl.** .................................................. **18-01**
(52) **U.S. Cl.** ...................................................... **D18/7**
(58) **Field of Classification Search** ................... D18/1, D18/2, 6, 7, 11, 12, 12.1, 12.2, 12.3; D14/138, D14/147, 191, 193, 196–198, 341–346, 383, D14/388, 391–399; D21/512; D10/2, 31, D10/104; 235/58 R, 59 R, 59 A, 59 BC, 235/59 BD, 59 BE, 59 BF, 59 CP, 59 BG, 235/59 TP, 60.22; 455/550.1; 708/100, 105, 708/130
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D383,485 S  ∗  9/1997  Segan et al. ..................... D18/7
D493,787 S  ∗  8/2004  Avery ........................... D14/345
D501,867 S  ∗  2/2005  Joachim et al. .................. D18/7
D502,208 S  ∗  2/2005  Joachim et al. .................. D18/7

OTHER PUBLICATIONS

Hong Kong Enterprises; vol. 10 (Oct.), 2003; p. 270, Item B–617.∗

∗ cited by examiner

*Primary Examiner*—Caron Veynar
*Assistant Examiner*—Garth Rademaker
(74) *Attorney, Agent, or Firm*—G. Brian Pingel; Camille L. Urban; Adam W. Jones

(57) **CLAIM**

The ornamental design for a calculator, as shown.

**DESCRIPTION**

FIG. 1 is a front perspective of an electronic calculator, with the I.D. plate removed, showing my new design. The right side is a mirror image of the left side.
FIG. 2 is a front elevation view of the electronic calculator;
FIG. 3 is a rear elevation view thereof;
FIG. 4 is a top plan view thereof; and,
FIG. 5 is a bottom plan view thereof.

**1 Claim, 5 Drawing Sheets**





Fig. 1



Fig. 2

Case: 1:08-cv-00956 Document #: 1 Filed: 02/14/08 Page 11 of 13 PageID #:11



Fig. 3

Case: 1:08-cv-00956 Document #: 1 Filed: 02/14/08 Page 12 of 13 PageID #:12



Fig. 4



Fig. 5