UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| COMPETITIVE EDGE, INC., and DAVID M. GREENSPON,<br><br>        Plaintiffs,<br><br>v.<br><br>STAPLES, INC. and STAPLES THE OFFICE SUPERSTORE EAST, INC.,<br><br>        Defendants. | Civil Action No. 1:08-cv-00956<br><br>Judge Virginia M. Kendall<br><br>Magistrate Judge Michael T. Mason |

## **DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants Staples, Inc. and Staples the Office Superstore East, Inc. (collectively, "Staples") hereby respond to the allegations set forth in the Complaint and Demand for Jury Trial ("Complaint") by plaintiffs Competitive Edge, Inc. ("Competitive Edge") and David M. Greenspon ("Greenspon") (collectively, "Plaintiffs"), and assert their affirmative defenses and counterclaims as set forth below.

### Parties

1. Plaintiff Competitive Edge is an Indiana Corporation with its principal place of business in Des Moines, Iowa.

RESPONSE: Staples admits that Competitive Edge is an Indiana corporation; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2. Plaintiff Greenspon resides in Clive, Iowa, and is the president and owner of Competitive Edge.

RESPONSE: Staples lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Upon information and belief, defendant Staples, Inc. is a Delaware corporation, which maintains its corporate headquarters and principal place of business in Framingham,

Massachusetts. Upon information and belief, defendant Staples The Office Superstore East, Inc. is also a Delaware corporation, which maintains its corporate headquarters and principal place of business in Framingham, Massachusetts.

RESPONSE: Admitted.

## Jurisdiction and Venue

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and for trade dress infringement arising under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

RESPONSE: Staples admits that this action purports to arise under the patent and trademark laws of the United States; but denies that it has in any way violated any of said laws. This Court has jurisdiction pursuant to not only 28 U.S.C. § 1331, but more specifically pursuant to 28 U.S.C. § 1338.

5. This Court has personal jurisdiction over Staples because Staples transacts business in this district and/or has committed action of patent and trade dress infringement in this district.

RESPONSE: Staples admits that it is subject to personal jurisdiction of this Court; but otherwise denies the allegations in this paragraph.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

RESPONSE: Staples admits that it is subject to the personal jurisdiction of this Court; but denies that venue is appropriate.

## Factual Allegations

7. Greenspon is the owner of U.S. Design Patent No. D530,734 ("the 734 patent"), titled "Calculator," a copy of which is attached as Exhibit A.

RESPONSE: Staples admits, upon information and belief, that Greenspon is the owner of U.S. Patent No. D530,734 (the '734 Patent); and admits that the '734 Patent is entitled "Calculator" and that a copy of the '734 Patent is attached as Exhibit A to Plaintiffs' Complaint.

8. Competitive Edge sells a calculator that embodies the design protected by the '734 patent. This calculator is designated with product number CE-676 and is called "The 'Original' Silicone Bubble Calculator" ("Bubble Calculator").

RESPONSE: Staples lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies them.

9. Competitive Edge's Bubble Calculator has a distinctive look and feel stemming from, among other things, its bright colors, cushiony keys, and H-shaped keypad layout. This distinctive look and feel constitute Competitive Edge's unique trade dress for its Bubble Calculator, which has secondary meaning among consumers.

RESPONSE: Denied.

10. Upon information and belief, Staples sells office supplies, including calculators, through its store locations.

RESPONSE: Admitted.

11. Staples' calculators, including without limitation its "Pillowtop" calculator, infringe the '734 patent and infringe Competitive Edge's trade dress for its Bubble Calculator.

RESPONSE: Denied.

**Count I — Patent Infringement**

12. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1 through 11 herein.

RESPONSE: Staples repeats and incorporates herein the responses to Paragraphs 1 through 11 above.

13. Staples has infringed the '734 patent by making, importing, selling and/or offering to sell calculators falling within the scope of the claim of the '734 patent.

RESPONSE: Denied.

14. Upon information and belief, Staples received actual notice of the '734 patent on or about October 24, 2006.

RESPONSE: Upon information and belief, at least as early as October 24, 2006, Staples was aware that Greenspon had submitted a design patent application to, and received a notice of allowance of such application from, the United States Patent and Trademark Office, which application ultimately issued as the '734 Patent. Staples lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and on that basis denies them.

15. Staples' infringement of the '734 patent has been and continues to be deliberate and willful.

RESPONSE:  Denied.

16. As a direct and proximate result of Staples' infringement of the '734 patent, Plaintiffs have been damaged and Staples has profited and been advantaged by its infringing acts.

RESPONSE:  Denied.

### Count II — Trade Dress Infringement

17. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1 through 11 herein.

RESPONSE:  Staples repeats and incorporates herein the responses to Paragraphs 1 through 16 above.

18. Competitive Edge's Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things, constitutes non-functional, protectible trade dress.

RESPONSE:  Staples denies that Competitive Edge has protectible trade dress in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things."

19. Staples has infringed and continues to infringe on Competitive Edge's trade dress rights through its imitation in interstate commerce of Competitive Edge's trade dress for its Bubble Calculator.

RESPONSE:  Denied.  Further answering, Staples the Office Superstore, LLC is the owner of U.S. Patent No. D559,891, entitled "Calculator," which issued on January 15, 2008 ("the '891 Patent").  A copy of the '891 Patent is attached as Exhibit A.

20. Upon information and belief, Staples' mimicry of Competitive Edge's trade dress for its Bubble Calculator is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Staples' calculators with Competitive Edge's Bubble Calculator.  Indeed, upon information and belief, Staples' mimicry has already caused actual confusion.

RESPONSE:  Denied.

21. Staples infringement is willful.

RESPONSE:  Denied.

22. As a result of Staples' wrongful conduct, Competitive Edge has been damaged and will continue to be damaged in an amount to be determined at trial. Competitive Edge has suffered and continues to suffer immediate and irreparable injury for which it has no adequate remedy at law.

RESPONSE: Denied.

WHEREFORE, Staples denies that the Plaintiffs are entitled to any relief or judgment.

## AFFIRMATIVE DEFENSES

Staples hereby pleads the following affirmative defenses in response to the Complaint.

### First Affirmative Defense

23. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

24. Plaintiffs' claims are barred by the doctrine of waiver and/or estoppel.

### Third Affirmative Defense

25. Plaintiffs' claims relating to the '734 Patent are barred because the patent is invalid, unenforceable and/or not infringed.

### Fourth Affirmative Defense

26. Plaintiffs' claims are barred because Plaintiffs have acquiesced in the use of the '734 Patent and alleged trade dress by others.

### Fifth Affirmative Defense

27. Plaintiffs' claims are barred by a license.

### Sixth Affirmative Defense

28. Plaintiffs' claims relating to trade dress are barred because the alleged trade dress is functional.

### Seventh Affirmative Defense

29. Plaintiffs' claims relating to trade dress are barred because the alleged trade dress is not inherently distinctive and has not acquired secondary meaning.

### Eighth Affirmative Defense

30. Plaintiffs' claims are barred because one or more Plaintiffs lack standing.

### Ninth Affirmative Defense

31.     Plaintiffs' claims relating to trade dress are barred because there is no likelihood of confusion, mistake, or deception resulting from Defendants' sale of the allegedly infringing products.

### COUNTERCLAIMS

Defendants / Plaintiffs-in-Counterclaim Staples, Inc. and Staples the Office Superstore East, Inc. (collectively, "Staples" or "Plaintiffs-in-Counterclaim"), by and through their undersigned attorneys, hereby set forth the following Counterclaims against Plaintiffs / Defendants-in-Counterclaim Competitive Edge, Inc. and David M. Greenspon (collectively, "Defendants-in-Counterclaim"), and demand a trial by jury of all issues so triable.

### Nature of the Action

1.     Plaintiffs-in-Counterclaim seek declaratory relief regarding, *inter alia*, the invalidity, unenforceability, and/or non-infringement of U.S. Patent No. D530,734 (the '734 Patent") and an award of costs and reasonable attorneys' fees.

2.     Plaintiffs-in-Counterclaim seek declaratory relief that Defendants-in-Counterclaim have no valid trade dress in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things," of non-infringement of any alleged trade dress rights and an award of costs and reasonable attorneys' fees.

### The Parties

3.     Staples, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.

4.     Staples the Office Superstore East, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.

5.     Upon information and belief, Competitive Edge, Inc. is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Des Moines, Iowa.

6. Upon information and belief, David M. Greenspon is an individual residing in the State of Iowa, is the president and owner of Competitive Edge, Inc. and is the owner of the '734 Patent.

## Jurisdiction and Venue

7. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has jurisdiction over the Defendants-in-Counterclaim by virtue of the filing of their Complaint in this judicial district.

9. To the extent that venue is proper over the Complaint, venue is proper in this judicial district over the Counterclaims.

## COUNT I
## INVALIDITY, UNENFORCEABILITY, AND/OR NON-INFRINGEMENT OF U.S. PATENT NO. D530,734

10. Plaintiffs-in-Counterclaim reallege and incorporate as if fully set forth herein the allegations contained in Paragraphs 1 through 9.

11. Count I of these Counterclaims arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claim of the '734 Patent is invalid, unenforceable and/or not infringed.

12. Defendants-in-Counterclaim allege that the '734 Patent is valid, enforceable and infringed.

13. Plaintiffs-in-Counterclaim deny the allegations that the '734 Patent is valid, enforceable and/or infringed.

14. There exists an actual, substantial and continuing justiciable controversy between Defendants-in-Counterclaim and Plaintiffs-in-Counterclaim regarding the validity, enforceability and/or infringement of the '734 Patent.

15. Plaintiffs-in-Counterclaim are entitled to a declaration that the claim of the '734 Patent is invalid, unenforceable and/or not infringed.

WHEREFORE, Plaintiffs-in-Counterclaim respectfully request judgment and relief as follows:

(i) a judgment that Plaintiffs take nothing on their Complaint;

(ii) a declaration that the '734 Patent be declared not infringed, invalid and/or unenforceable;

(iii) an award of Plaintiffs-in-Counterclaim's costs and reasonable attorneys' fees; and

(iv) such other and further relief as this Court deems just and proper.

## COUNT II
### INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT OF PLAINTIFFS' ALLEGED TRADE DRESS

16. Plaintiffs-in-Counterclaim reallege and incorporate as if fully set forth herein the allegations in Paragraphs 1 through 15 of their Counterclaims.

17. Count II of these Counterclaims arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051 *et seq.,* the common law of trade dress, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the Defendants-in-Counterclaim do not have any trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things."

18. Defendants-in-Counterclaim allege that they have valid and enforceable trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things," and that such rights are infringed by Plaintiffs-in-Counterclaim.

19. Plaintiffs-in-Counterclaim deny the allegation that Defendants-in-Counterclaim have any trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things," and that such rights are infringed by Plaintiffs-in-Counterclaim.

20. There exists an actual, substantial and continuing justiciable controversy between Defendants-in-Counterclaim and Plaintiffs-in-Counterclaim regarding the validity, enforceability and infringement of alleged trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things."

21. Plaintiffs-in-Counterclaim are entitled to a declaration that Defendants-in-Counterclaim do not have any valid and enforceable trade dress rights in the "Bubble

Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things" and/or that they do not infringe such alleged trade dress rights.

WHEREFORE, Plaintiffs-in-Counterclaim respectfully request judgment and relief as follows:

(i) a judgment that Plaintiffs take nothing on their Complaint;

(ii) a declaration that the alleged trade dress in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things" is not infringed, invalid and/or unenforceable;

(iii) an award of Plaintiffs-in-Counterclaim's costs and reasonable attorneys' fees; and

(iv) such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 27, 2008

s/Thomas I. Ross
Thomas I. Ross
Gregory J. Chinlund
Jennifer J. E. Flory
MARSHALL GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
P: (312) 474-6300
E: tross@marchallip.com

Attorneys for Defendants
STAPLES, INC. and
STAPLES THE OFFICE
SUPERSTORE EAST, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2008, I caused a true and correct copy of the foregoing DEFENDANTS' ANSWER AND COUNTERCLAIMS to be filed and served via the Court's Electronic Case Filing system pursuant to LR. 5.2(a). Pursuant to LR. 5.9, the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under FED. R. CIV. P. 5(b)(3).

                                              s/Thomas I. Ross