IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

|  |  |
|---|---|
| COMPETITIVE EDGE, INC., AND DAVID M. GREENSPON, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 08 C 956 ) |
| - vs. - | ) Judge Kendall ) |
| STAPLES, INC., AND STAPLES THE OFFICE SUPERSTORE EAST, INC., | ) Magistrate Judge Mason ) |
| Defendants. |  |

## JOINT INITIAL STATUS REPORT

1. **Attorneys of record:**

   <u>For Plaintiffs / Defendants-in-Counterclaim Competitive Edge, Inc., and David M. Greenspon</u>

   Thomas D. Rein
   Marc A. Cavan
   Thomas Hankinson
   SIDLEY AUSTIN LLP
   10 South Dearborn Street
   Chicago, Illinois 60603
   (312) 853-7000 (phone)

   <u>For Defendants / Plaintiffs-in-Counterclaim Staples, Inc., and Staples the Office Superstore East, Inc.</u>

   Thomas I. Ross
   Gregory J. Chinlund
   Jennifer J.E. Flory
   MARSHALL, GERSTEIN & BORUN LLP
   6300 Sears Tower
   233 S. Wacker Drive
   Chicago, IL 60606-6357
   P: (312) 474-6300
   E: tross@marshallip.com

2. **Basis for federal jurisdiction:** This action arises under the laws of the United States, and thus federal jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338.

3. **Nature of the claims:** The Plaintiffs / Defendants-in-Counterclaim seek relief for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for trade dress infringement under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* The Defendants / Plaintiffs-in-Counterclaim seek declaratory relief regarding the invalidity, unenforceability and/or non-infringement of U.S. Patent No. D530,734, and for invalidity, unenforceability and/or non-infringement of Plaintiffs' / Defendants-in-Counterclaim's alleged trade dress.

4. **Service of parties:** All named parties have been served.

5. **Principal legal issues:**

    Plaintiffs

    (a) Whether the Defendants' accused products infringe U.S. design patent No. D530,734 ("the '734 Patent") under 35 U.S.C. § 271;

    (b) Whether the Defendants can overcome the presumption of validity of the '734 Patent under 35 U.S.C. § 282;

    (c) Whether the Defendants' accused products infringe the Plaintiffs' protected trade dress under 15 U.S.C. § 1125.

    Defendants

    (a) Whether the '734 Patent is valid, enforceable and/or not infringed; and

    (b) Whether Plaintiffs / Defendants-in-Counterclaim can meet their burden of proving that they have valid and enforceable product trade dress rights in the "Bubble Calculator" product configuration.

6. **Principal factual issues:**

   <u>Plaintiffs</u>

   (a) Whether an ordinary observer, giving such attention as a purchaser usually gives, would believe that the Plaintiffs' patented design and the accused products' design are substantially the same;

   (b) Whether the design of the accused products appropriates the points of novelty of the patented design;

   (c) Whether the similarity of the Defendants' trade dress creates a likelihood of confusion on the part of consumers as to the source or affiliation of the products;

   (d) The amount of Plaintiffs' damages, including without limitation the extent and profitability of the Defendants' sales.

   <u>Defendants</u>

   (a) Whether an ordinary observer, giving such attention as a purchaser usually gives, would believe that the '734 Patent and the accused products' design are substantially the same;

   (b) Whether the design of the accused products appropriates the novel, original and ornamental features, if any, of the patented design;

   (c) Whether any perceived similarity between the accused product and the design of the '734 Patent is attributable to any novel, original and ornamental design features of the '734 Patent not present in the prior art;

   (d) Whether the claim of the '734 Patent is novel or would have been obvious to an individual of ordinary skill in the art;

   (e) Whether Plaintiffs' / Defendants-in-Counterclaim's alleged trade dress for the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things" contains or is comprised of functional elements;

   (f) Whether Plaintiffs' / Defendants-in-Counterclaim's alleged trade dress in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things" has acquired secondary meaning; and

3

    (g) Whether there is a likelihood of confusion between Plaintiffs' / Defendants-in-Counterclaim's alleged trade dress in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things" and the design of Defendants' / Plaintiffs-in-Counterclaim's products.

7. **Jury Trial:** The Plaintiffs have requested a jury trial.

8. **Anticipated Discovery:** The parties do not believe that any changes should be made at this time to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Northern District of Illinois local rules. The parties agree to exchange Federal Rule of Civil Procedure 26(a) disclosures by April 25, 2008.

    The parties anticipate serving, among other things, interrogatories and requests for production of documents. The parties anticipate deposing relevant employees, officers, or agents of the parties, as well as any experts.

    In addition to the above, the Defendants desire the scheduling of a claim construction hearing, and are in favor of filing a claim construction chart and briefs on construction of the claim of the '734 Patent, pursuant to current law and this Court's Standing Order for Patent Claim Construction Proceedings. For now, Plaintiffs would prefer to defer decisions regarding claim construction until the Federal Circuit resolves its pending en banc review of *Egyptian Goddess, Inc.* (2006-1562), wherein one of the Federal Circuit's questions is "Should claim construction apply to design patents, and if so, what role should that construction play in the infringement analysis?" Plaintiffs also believe that the Court's Standing Order for Patent Claim Construction Proceedings contains provisions applicable to utility patents, and not the design patent asserted in this action.

9. **Trial:** The parties will be ready for trial 90 days after the Court rules on dispositive motions or after the close of discovery, whichever is later. The parties anticipate that a trial would last on the order of 2-3 days.

10. **Proceeding before the Magistrate Judge:**  The parties do not unanimously consent to proceed before the Magistrate Judge.

11. **Settlement discussions:**  Since the filing of the Complaint, the parties have not yet discussed settlement, but are open to such discussions.  The parties are amenable to a settlement conference at an appropriate time, but believe it is premature to hold such a conference before the parties engage in some discovery.

Respectfully Submitted,

| SIDLEY AUSTIN LLP | MARSHALL, GERSTEIN & BORUN LLP |
|---|---|
| By:  /s/ Thomas Hankinson | By:  /s/ Thomas I. Ross |
| Thomas D. Rein<br>Marc A. Cavan<br>Thomas Hankinson<br>SIDLEY AUSTIN LLP<br>10 South Dearborn Street<br>Chicago, Illinois 60603<br>(312) 853-7000 (phone)<br>(312) 853-7036 (fax) | Thomas I. Ross<br>Gregory J. Chinlund<br>Jennifer J.E. Flory<br>MARSHALL, GERSTEIN & BORUN LLP<br>6300 Sears Tower<br>233 S. Wacker Drive<br>Chicago, IL 60606-6357<br>P: (312) 474-6300<br>E: tross@marshallip.com |
| Attorneys for Competitive Edge, Inc. and David M. Greenspon | Attorneys for Staples, Inc. and Staples the Office Superstore East, LLC |

Dated: April 7, 2008

**CERTIFICATE OF SERVICE**

   Thomas Hankinson, an attorney, hereby certifies that he caused a true and correct copy of the foregoing document to be served upon all counsel of record by the CM/ECF system as follows:

Thomas I. Ross
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
P: (312) 474-6300

on this 7th day of April 2008.

                s/ Thomas Hankinson
                _____
                  Thomas Hankinson