IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| COMPETITIVE EDGE, INC., AND DAVID M. GREENSPON, <br><br> Plaintiffs, <br><br> - vs. - <br><br> STAPLES, INC., AND STAPLES THE OFFICE SUPERSTORE EAST, INC., <br><br> Defendants. | Civil Action No. 1:08-cv-00956 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Michael T. Mason |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Competitive Edge, Inc. and David M. Greenspon (collectively, "Competitive Edge"), for their answer to the counterclaims filed by Defendants Staples, Inc., and Staples the Office Superstore, Inc. (collectively, "Staples"), hereby state as follows:

**Nature of the Action**

1. Plaintiffs-in-Counterclaim seek declaratory relief regarding, *inter alia*, the invalidity, unenforceability, and/or non-infringement of U.S. Patent No. D530,734 ("the '734 Patent") and an award of costs and reasonable attorneys' fees.

**ANSWER:** Competitive Edge admits that Staples seeks declaratory relief regarding, *inter alia,* the invalidity, unenforceability, and/or non-infringement of U.S. Patent No. D530,734 ("the '734 Patent") and an award of costs and reasonable attorneys' fees. However, Competitive Edge denies that Staples is entitled to any relief and denies any remaining allegations in this paragraph.

2. Plaintiffs-in-Counterclaim seek declaratory relief that Defendants-in-Counterclaim have no valid trade dress in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things," of non-infringement of any alleged trade dress rights and an award of costs and reasonable attorneys' fees.

**ANSWER:** Competitive Edge admits that Staples seeks declaratory relief that Defendants-in-Counterclaim have no valid trade dress in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things," of non-infringement of any alleged trade dress rights and an award of costs and reasonable attorneys' fees. However, Competitive Edge denies that Staples is entitled to any relief and denies any remaining allegations in this paragraph.

## The Parties

3. Staples, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.

**ANSWER:** Based on information and belief, admitted.

4. Staples the Office Superstore East, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.

**ANSWER:** Based on information and belief, admitted.

5. Upon information and belief, Competitive Edge, Inc. is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Des Moines, Iowa.

**ANSWER:** Admitted.

6. Upon information and belief, David M. Greenspon is an individual residing in the State of Iowa, is the president and owner of Competitive Edge, Inc. and is the owner of the '734 Patent.

**ANSWER:** Admitted.

**Jurisdiction and Venue**

7. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** Admitted.

8. This Court has jurisdiction over the Defendants-in-Counterclaim by virtue of the filing of their Complaint in this judicial district.

**ANSWER:** Admitted.

9. To the extent that venue is proper over the Complaint, venue is proper in this judicial district over the Counterclaim.

**ANSWER:** Competitive Edge admits that venue is proper in this district for both the Complaint and the Counterclaim. Competitive Edge denies any remaining allegations in Paragraph 9.

## COUNT I
## INVALIDITY, UNENFORCEABILITY, AND/OR NON-INFRINGEMENT OF U.S. PATENT NO. D530,734

10. Plaintiffs-in-Counterclaim reallege and incorporate as if fully set forth herein the allegations contained in Paragraph 1 through 9.

**ANSWER:** Competitive Edge repeats and incorporates herein the answers to Paragraphs 1 through 9 above.

11. Count I of these Counterclaims arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claim of the '734 Patent is invalid, unenforceable and/or not infringed.

**ANSWER:** Competitive Edge denies that Staples is entitled to relief. Competitive Edge admits any remaining allegations in Paragraph 11.

12. Defendants-in-Counterclaim allege that the '734 Patent is valid, enforceable and infringed.

**ANSWER:**   Competitive Edge admits that it alleges that the '734 Patent is infringed. Competitive Edge further admits that the '734 patent is entitled to a presumption of validity and states that the burden is on Staples to prove any allegations of invalidity or unenforceability of the '734 Patent. By way of further response, Competitive Edge states that Staples has infringed the '734 Patent and that the '734 Patent is valid and enforceable.

13.   Plaintiffs-in-Counterclaim deny the allegations that the '734 Patent is valid, enforceable and/or infringed.

**ANSWER:**   Competitive Edge admits that Staples, in its Answer, denies that the '734 Patent is infringed. Competitive Edge further admits that Staples, in its Answer, alleges that the '734 patent is invalid, unenforceable and/or not infringed. Competitive Edge denies any remaining allegations in Paragraph 13.

14.   There exists an actual, substantial and continuing justiciable controversy between Defendants-in-Counterclaim and Plaintiffs-in-Counterclaim regarding the validity, enforceability and/or infringement of the '734 Patent.

**ANSWER:**   Competitive Edge admits that there exists an actual justiciable controversy as to infringement and validity. However, Competitive Edge denies that there is such a dispute as to unenforceability, because Staples has never described or pleaded with specificity any unenforceability defense.

15.   Plaintiffs-in-Counterclaim are entitled to a declaration that the claim of the '734 Patent is valid, unenforceable and/or not infringed.

**ANSWER:**   Denied.

## COUNT II
### INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT OF PLAINTIFFS' ALLEGED TRADE DRESS

16.   Plaintiffs-in-Counterclaim reallege and incorporate as if fully set forth herein the allegations in Paragraphs 1 through 15 of their Counterclaim.

**ANSWER:**   Competitive Edge repeats and incorporates herein the answers to Paragraphs 1 through 15 above.

17.    Count II of these Counterclaims arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051 *et seq.*, the common law of trade dress, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the Defendants-in-Counterclaim do not have any trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things."

**ANSWER:**   Competitive Edge denies that Staples is entitled to the declaration it seeks or any of its other desired relief.  Competitive Edge admits the remaining allegations in Paragraph 17.

18.    Defendants-in-Counterclaim allege that they have valid and enforceable trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things," and that such rights are infringed by Plaintiffs-in-Counterclaim.

**ANSWER:**   Admitted.

19.    Plaintiffs-in-Counterclaim deny the allegation that Defendants-in-Counterclaim have any trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things," and that such rights are infringed by Plaintiffs-in-Counterclaim.

**ANSWER:**   Competitive Edge admits that Staples denies Competitive Edge's trade dress allegations.  Competitive Edge denies any remaining allegations in Paragraph 19.

20.    There exists an actual, substantial and continuing justiciable controversy between Defendants-in-Counterclaim and Plaintiffs-in-Counterclaim regarding the validity, enforceability and infringement of alleged trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things."

**ANSWER:**   Competitive Edge admits that there exists an actual justiciable controversy as to infringement and validity.   However, Competitive Edge denies that there is such a dispute as to unenforceability, because Staples has never described or pleaded with specificity any unenforceability defense.

5

21. Plaintiffs-in-Counterclaim are entitled to a declaration that Defendants-in-Counterclaim do not have any valid and enforceable trade dress rights in the "Bubble Calculator's distinctive bright colors, cushiony keys, and H-shaped keypad layout, among other things" and/or that they do not infringe such alleged trade dress rights.

**ANSWER:** Denied.

### First Defense to Counterclaims

Staples' counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Defense to Counterclaims

The '734 Patent is entitled to a presumption of validity.

**WHEREFORE,** Competitive Edge respectfully requests that the Court: (1) dismiss Staples' counterclaims in their entirety with prejudice, (2) deny all of Staples' prayers for relief, (3) award Competitive Edge its fees and costs associated with defending against Staples' counterclaims pursuant to 35 U.S.C. § 285, and (4) provide such further relief as the Court deems appropriate upon the presentation of evidence and full development of the record.

Respectfully Submitted,

SIDLEY AUSTIN LLP

By:  /s/ Thomas Hankinson
_____
Thomas D. Rein
Marc A. Cavan
Thomas Hankinson
SIDLEY AUSTIN LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (phone)
(312) 853-7036 (fax)

Attorneys for Competitive Edge, Inc. and David M. Greenspon

Dated: April 21, 2008

## Certificate of Service

I hereby certify that on April 21, 2008, I caused a true and correct copy of the foregoing document to be filed and served via the Court's Electronic Case Filing System pursuant to Local Rule 5.2(a). Pursuant to Local Rule 5.9, the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Federal Rule of Civil Procedure 5(b).

/s/ Thomas Hankinson
_____
An Attorney for Competitive Edge, Inc.
and David M. Greenspon

CH1 4245013v.1