

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COMPETITIVE EDGE, INC., AND DAVID M. GREENSPON, | Civil Action No. 08 C 956 |
| Plaintiffs, | Judge Kendall |
| - vs. - | Magistrate Judge Mason |
| STAPLES, INC., AND STAPLES THE OFFICE SUPERSTORE EAST, INC., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

The parties to this action having stipulated, through their respective counsel, to the entry of the following Stipulated Protective Order ("Protective Order"), it is therefore ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that:

1. As used in this Protective Order, the following definitions shall apply:

    a. The term "Party" or "Parties" shall mean the named plaintiffs, defendants, or any later-joined party to this action.

    b. The term "Protected Materials" includes information in any form that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the manner provided for below.

    c. The term "Document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and shall include without limitation any records, exhibits, reports, samples, transcripts, video or audio recordings, affidavits, briefs,

CHI 429756 lv.1

summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, or motions, including copies or computer-stored versions of any of the foregoing.

d. The term "Disclosing Party" shall mean Plaintiffs, Defendants and any other party to this action or any non-party from whom discovery is sought.

e. The term "Receiving Party" shall mean Plaintiffs, Defendants and any other party to this action or any non-party who receives Protected Materials.

f. The term "CONFIDENTIAL" shall mean any Documents, information or things that have not been made public, the disclosure of which the Disclosing Party contends would reasonably be expected to cause harm to the business operations of the Disclosing Party or provide improper advantage to others. CONFIDENTIAL information shall not include (i) advertising materials; (ii) materials that on their face show that they have been published to the general public; or (iii) Documents that have been submitted to any governmental entity without request for confidential treatment.

g. The term "ATTORNEYS' EYES ONLY" shall mean any CONFIDENTIAL Documents, information or things that the Disclosing Party reasonably and in good faith believes are so highly sensitive that disclosure to an employee of a Receiving Party would reveal significant business or financial advantages of the Disclosing Party. ATTORNEYS' EYES ONLY includes detailed sales and profit information; detailed future business plans; information that qualifies as trade secrets within the meaning of the Uniform Trade Secrets Act and other

information with a similar degree of confidentiality and value to the Disclosing Party.

h.  The term "Outside Counsel" shall mean attorneys who are admitted to the practice of law in the United States, who subject themselves to the jurisdiction of the United States District Court for the Northern District of Illinois (Eastern Division), and who are employed by, partners of, or of counsel to, outside law firms retained by each Party for the purpose of acting as litigation counsel in connection with the above-captioned proceeding. "Outside Counsel" shall not include persons engaged or retained by or on behalf of any Party as an Expert.

i.  The term "Expert(s)" shall mean any person(s) not presently employed by any Party or its counsel of record who are retained, consulted or sought to be retained by or on behalf of a Party to advise and assist in the preparation, presentation, and/or settlement of the Party's case (including trial consultants and the like) in the above-captioned proceeding.

2.  The Disclosing Party may designate as CONFIDENTIAL Documents, information or things requested through discovery, including without limitation deposition testimony, answers to requests for admissions, answers to interrogatories, and Documents or things tendered pursuant to requests to produce, that contain, include constitute, refer, or relate to CONFIDENTIAL information.

3.  The Disclosing Party may designate as ATTORNEYS' EYES ONLY Documents things, or information requested through discovery, including without limitation deposition testimony, answers to requests for admissions, answers to interrogatories, and Documents or

3

things tendered pursuant to requests to produce, that contain, include, constitute, refer, or relate to ATTORNEYS' EYES ONLY information.

4. Any such material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be subject to the provisions of this Protective Order. No Party or non-party shall designate material as CONFIDENTIAL or ATTORNEYS' EYES ONLY unless counsel for the Disclosing Party or non-party believes in good faith that the designated material is entitled to protection under Federal Rule of Civil Procedure 26(c)(7).

5. Subject to the provisions of ¶ 19, whenever a Party or non-party herein desires to designate Documents, information or things as CONFIDENTIAL or ATTORNEYS' EYES ONLY, such designation must be stamped or marked prior to the release of the Documents, information or things to the Receiving Party, in which case the stamped or marked materials and the information contained therein shall be subject to the provisions of ¶¶ 6-10 herein.

6. In no event shall any CONFIDENTIAL or ATTORNEYS' EYES ONLY information be stored, electronically or otherwise, at any business premises of any Party to this action. This provision is not intended to prevent Outside Counsel from communication with inside counsel by electronic mail.

7. Any Outside Counsel who receives any document containing information of the Disclosing Party designated as ATTORNEYS' EYES ONLY shall not prosecute or prepare any patent application on behalf of the Receiving Party in the field of calculators from the time of receipt of such information by that person through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all Parties in this action ("Bar Date"). In addition, any counsel subject to the patent prosecution bar

set forth in this paragraph shall not have any substantive involvement in the prosecution of any such applications filed, or claim priority from any such application filed prior to the Bar Date.

8. Access to Protected Materials that are designated CONFIDENTIAL, copies thereof, and the information they contain or reflect shall be strictly limited to the following persons who shall be subject to this Protective Order:

    (a) Outside Counsel of record for the respective Parties and their associates, paralegals, clerical employees, outside copy services, and litigation support personnel (*e.g.* firms or independent individuals retained to provide graphics, trial preparation, jury consulting or presentation services);

    (b) Employees of the Parties but only to the extent necessary to allow them to provide assistance in the conduct of this litigation;

    (c) Witnesses or deponents who are indicated on the face of the Document to be its originator, author, or recipient of a copy of said Document;

    (d) The Court, court employees, court reporters, stenographic reporters, videographers, or court officers;

    (e) The Parties' Experts, subject to the provisions of ¶ 10 below; and

    (f) Any other person to whom Plaintiffs and Defendants may agree in writing or whom the Court may direct shall have access.

9. Access to Protected Materials that are designated ATTORNEYS' EYES ONLY, copies thereof, and the information they contain or reflect shall be treated identically to Protected Materials designated as CONFIDENTIAL except that no individual identified in ¶ 8(b) above shall be allowed access to ATTORNEYS' EYES ONLY materials except by order of the Court.

10. The Experts in ¶ 8(e) above shall have access to the Protected Materials subject to the following conditions:

    (a) The counsel for the Party retaining an Expert shall obtain from each Expert an agreement to be bound by the terms of this Protective Order by execution of the attached Exhibit 1 titled "Acknowledgment to Be Bound by Protective Order." A copy of the executed acknowledgment shall be retained by the counsel for the Party retaining such Expert.

5

(b) For each Expert (whether testifying or non-testifying) who is proposed to have access to Protected Materials, counsel who retained the Expert shall forward a curriculum vitae of the Expert to counsel for the other Parties at least seven (7) calendar days prior to the proposed disclosure of Protected Materials. Any Party may object to the proposed disclosure to the Expert for good cause within seven (7) calendar days after receipt of the notification. In the event an objection is made, counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the Expert. If agreement cannot be reached, the Party designating the Expert shall file an appropriate motion within seven (7) calendar days after the objection is made. The burden shall be on the Party designating the Expert to show the Court why the disclosure should be made. If a timely objection is followed by a timely motion, the parties shall obtain guidance from the Court before proceeding with the disclosure;

(c) Persons receiving Protected Materials are prohibited from using those materials or disclosing those materials to any person except in compliance with this Protective Order.

(d) The recipient of any Protected Materials hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11. If Documents or other materials containing or embodying Protected Materials are to be filed with the Court, the filing Party shall make such filing under seal pursuant to the procedures set forth in the Local Rules of the Northern District of Illinois (Eastern Division).

12. Nothing contained herein shall be construed to prejudice any Party's right to disclose Protected Materials in the taking of testimony at any deposition or hearing involving any deponent or witness (i) who is indicated on the face of the document to be its originator, author, or recipient of a copy of said document or (ii) to other persons entitled hereunder to have access to such Protected Materials.

13. With respect to the deposition of any person taken in connection with the discovery in this matter, a Party may designate a deposition or a portion of a deposition CONFIDENTIAL OR ATTORNEYS' EYES ONLY by making a statement on the record.

CHI 4297561v.1
BOS 628703.1

Additionally, a Party may designate in writing to all Parties within thirty (30) days after receipt of a deposition or hearing transcript, a deposition or a portion of a deposition CONFIDENTIAL OR ATTORNEYS' EYES ONLY by providing notice. Access to the portion of any deposition or hearing transcript so designated shall be limited in accordance with the terms of this Protective Order. Until expiration of the 30 day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL under ¶ 8 of this Protective Order.

14. Every person, firm, or organization receiving Protected Materials pursuant to this Protective Order shall use the same solely for purposes of this litigation, and shall not use the same for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information that is known or becomes known through means or sources outside of this litigation.

15. Nothing in this Protective Order shall prejudice any Party from seeking amendments that broaden or restrict the rights of access to and use of Protected Materials.

16. Each Party reserves the right to dispute the designation of Protected Materials by any other Party in accordance with this Protective Order. The Parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court. Any Party believing that any Documents, information or things have been inappropriately designated by another Party as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall inform counsel for the Party making the designation, in writing. If the Parties are unable to resolve the matter informally within ten (10) days of such writing, the Party objecting to the designation may then file an appropriate motion with the Court. Until and unless the Court may finally determine that such Documents, information, or things are not properly designated as CONFIDENTIAL or

CHI 4297561v.1
BOS 628703.1

ATTORNEYS' EYES ONLY pursuant hereto, the same shall continue to be treated in accordance with the terms of this Protective Order.

17. The failure of a receiving Party to expressly challenge a claim of confidentiality or the designation of any Documents, information and things as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact CONFIDENTIAL or not an appropriate designation for any reason.

18. Counsel for any Disclosing Party shall have the right to exclude from oral deposition, other than the deponent, deponent's counsel, the court reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive Documents information or things designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. Such right to exclude shall be applicable only during periods of examination or testimony directed to or comprising CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

19.

The failure to designate Documents, information or things, including information under ¶ 13, shall not operate as a waiver of the right to designate information as Protected Material. If a Disclosing Party realizes it has inadvertently produced a Document or other information it considers to be Protected Materials without marking it as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the Disclosing Party shall have seven (7) calendar days after discovery of such inadvertent production to notify the Receiving Party in writing of such inadvertent production. On receipt of such notice, the Receiving Party shall return or destroy all copies of the inadvertently produced undesignated Document. The Disclosing Party shall produce properly

Case 1:08-cv-00956   Document 29-2   Filed 07/07/2008   Page 9 of 13

marked copies of the inadvertently produced Documents with the notice of inadvertent production within seven (7) days of discovery.

20. If a Disclosing Party realizes it has inadvertently produced a Document it considers to be privileged, it may contact the Receiving Party and notify it of the inadvertent production, and the production of the Document shall not constitute a waiver or impairment of any claim of privilege relating to the Document. To notify the Receiving Party, the Disclosing Party must:

    (a)    notify the Receiving Party in writing of the delivery of inadvertently produced Documents; and

    (b)    identify the produced Documents:

        (1) by either Bates stamp number designations; or

        (2) by the date(s) of the Document(s), the name(s) of its author(s) and the name(s) of each person to whom the Document(s) were addressed.

21. Upon receipt of the written notice required in ¶ 20 above, the Receiving Party will have ten (10) days within which it shall return to the Disclosing Party the inadvertently produced Document(s), and all copies thereof, unless the Parties mutually agree upon a longer time for return and destruction of the inadvertently produced Document(s). If the Receiving Party wishes to use the inadvertently produced Document(s) for any reason, that Party must first file a motion with the Court challenging the privileged nature of the Document(s) and requesting the production and use of that Document(s). Only if that motion is granted will the Receiving Party be entitled to use the privileged Document(s) in this litigation.

22. In the event any person or Receiving Party having possession, custody, or control of any Document, information or thing produced in this action and designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a Disclosing Party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by

CHI 4297561v.1
BOS 628703.1

overnight delivery, facsimile or electronic mail the attorneys of record of the Disclosing Party and shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the Party whose interest may be affected. The Disclosing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. Subject to any reasonable procedure sought to be pursued by the Party whose interest may be affected, the person or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

23. If the discovery process calls for the production of information that a Party does not wish to produce because the Party believes its disclosure would breach an agreement with a non-party to maintain such information in confidence, the Disclosing Party shall give written notice to the non-party that its information is subject to discovery in this litigation, and shall provide the non-party with a copy of this Protective Order. When such written notice is given to the non-party, the Disclosing Party will advise the potential Receiving Party that such notice has been given. The Parties shall cooperate with each other and the non-party in attempting to resolve any disputes over disclosure and with each other in bringing unresolved disputes before the Court for resolution. If the non-party does not respond to the written notice within thirty (30) business days of sufficient notice, and does not file a motion for a protective order within that time, the Disclosing Party is Ordered to produce any such relevant Documents under the designation ATTORNEYS' EYES ONLY.

24. Within sixty (60) days after conclusion of this action by final, non-appealable decision or by settlement, all Documents, information or things designated or treated as

Protected Materials pursuant to this Protective Order shall promptly be returned to the Party producing the Protected Materials, its counsel, or its designees, or such Protected Materials shall be destroyed, except that Outside Counsel for each Party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of all Expert reports, one copy of all discovery responses and Documents constituting work product that were internally generated based upon or which include Protected Materials. In the event that Outside Counsel maintains such documents, it shall not disclose Protected Materials to another Party or third party absent subpoena or court order. If Protected Materials are destroyed, the Receiving Party shall provide appropriate certification to the Disclosing Party regarding such destruction within sixty (60) days of conclusion of this action.

25. Nothing herein shall prevent any Party or third party, on notice to all Parties, from applying to the Court for modification of this Order.

26. This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

Dated: 7-7-08

United States District Judge

STIPULATED AND AGREED:

11

SIDLEY AUSTIN LLP

By: /s/

Thomas D. Rein
Marc A. Cavan
Thomas Hankinson
SIDLEY AUSTIN LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (phone)
(312) 853-7036 (fax)

Attorneys for Competitive Edge, Inc. and David M. Greenspon

EDWARDS ANGELL PALMER & DODGE LLP

By: /s/ Andrew T. O'Connor

Barbara L. Moore
David Cotta
Andrew T. O'Connor
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7631
(617) 239-0100

Attorneys for Staples, Inc. and Staples the Office Superstore East, Inc.

Dated: July 2, 2008

12

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I am to receive information and/or documents designated as CONFIDENTIAL pursuant to the terms and conditions of the Stipulated Protective Order in Civil Action No. 08 cv 956, titled COMPETITIVE EDGE, INC., AND DAVID M. GREENSPON, - vs. - STAPLES, INC., AND STAPLES THE OFFICE SUPERSTORE EAST, INC., pending in the United States District Court for the Northern District of Illinois. I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.

I further agree that any Document, information or thing designated as confidential pursuant to that Protective Order and which is delivered to me shall be treated as CONFIDENTIAL, will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms and conditions of that Protective Order. I further understand and agree that any summaries or other documents containing information obtained from CONFIDENTIAL Documents or information furnished to me shall also be treated by me as CONFIDENTIAL pursuant to the terms of the Protective Order. I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of that Protective Order. I also agree to dispose of all such CONFIDENTIAL Documents and information and all summaries or other Documents containing information therefrom in such manner as I may be instructed after completing my services. I acknowledge that the return or subsequent destruction of such Documents and information shall not relieve me from any of the obligations imposed on me by the Protective Order.

I hereby subject myself to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Protective Order.

Date: _____

Signature: _____
Name: _____
Occupation: _____
Business Address: _____
_____
Telephone: _____

13